IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN

YOLANDA ELLIS, next friend of )
Minor MN, )
              )     Case No. 4:24-cv-11591
     Plaintiff, )     Hon.  Shalina D. Kumar
              )     Mag. David R. Grand
v. )     **FIRST AMENDED**
              )     **COMPLAINT**
YPSILANTI COMMUNITY SCHOOLS, )
JOSH SMITH, ALENA ZACHERY-ROSS, )
CHARLES DAVIS, JR, JEANINA HARRIS, )
And CHARLES PAYNE, )
In their individual capacity )
              )
     Defendants. )
_____ )

## FIRST AMENDED COMPLAINT

NOW COMES Plaintiff, YOLANDA ELLIS, next friend of minor MN (minor MN hereinafter referred to as "Plaintiff"), through her attorney, Raquel Muñoz of VAHDAT WEISMAN LAW, and for her First Amended Complaint and Jury Demand against Defendants YPSILANTI COMMUNITY SCHOOLS, JOSH SMITH (hereinafter "Smith"), ALENA ZACHERY-ROSS (hereinafter "Zachery Ross"), CHARLES DAVIS, JR. (hereinafter "Davis"), JEANINA HARRIS (Hereinafter "Harris") and CHALRES PAYNE (hereinafter "Payne") states as follows:

1

**INTRODUCTION**

JOSHUA SMITH, was hired as a coach/hall-monitor for the Ypsilanti Community Middle School. While employed with school district, Smith was reported for having aggressive behaviors towards other students and athletes. Even though Defendants were aware of SMITH's behavior, they refused to take action to appropriately investigate SMITH, separate him from the students and athletes, or terminate his employment. Because of Defendants deliberate indifference to SMITH's misconduct, the misconduct continued, which resulted in SMITH violently assaulting Plaintiff's minor, MN, on June 4, 2024.

The individually named Defendants are each responsible through their actions and inactions for making Plaintiff's Minor, MN, less safe. The Ypsilanti Community School is responsible for having a Constitutionally deficient policy, custom and practice that was a driving force behind the constitutional violations. Further, said school district ratified the unconstitutional actions of the individually named Defendants.

## <u>JURISDICTION AND VENUE</u>

1. This action arises under the United States Constitution and under the laws of the United States Constitution, particularly under the provisions of the Fourth

and Fourteenth Amendments to the United States Constitution and under the laws of the United States, particularly the Civil Rights Act, Title 42 of the United States Code, Sections 1983 and 1988, and under the statutes and common law of the State of Michigan.

2. This Court has jurisdiction of the action under 28 U.S.C. §§ 1331, 1343 and 42 U.S.C. § 1983.

3. The actions alleged in this Complaint took place within Washtenaw County, State of Michigan, and as such, jurisdiction lies int eh United States District Court for the Eastern District of Michigan.

4. Venue in this Court is proper under 28 U.S.C. § 1391 (d).

5. The amount in controversy exceeds seventy-five thousand dollars ($75,000.00), excluding interests, costs and attorney fees.

## **PARTIES**

6. Plaintiff hereby reincorporate and reassert each and every allegation set forth in the previous paragraphs of this Complaint as if fully set forth herein.

7. At all times relevant, Plaintiff's Minor, MN, was a resident of Ypsilanti, County of Washtenaw, State of Michigan.

8. At all times relevant, YOLANDA ELLIS, is the biological mother of MN, a Minor, and is a resident of Ypsilanti, County of Washtenaw, State of Michigan.

3

9. At all times relevant, Defendant YPSILANTI COMMUNITY SCHOOLS was and is a municipal corporation, duly organized and carrying out functions in the Township of Ypsilanti, State of Michigan. Its functions include: organizing, teaching, operating, staffing, training, and supervising the staff, counselors, and teachers at Ypsilanti Community Middle School.

10. Upon information and belief, at all times relevant hereto, Defendant JOSH SMITH (hereinafter "SMITH") is a citizen of the State of Michigan and was acting under the color of state law within the course and scope of his employment as a coach and hall-monitor for Ypsilanti Community Middle School within the YPSILANTI COMMUNITY SCHOOLS.

11. Upon information and belief, at all times relevant hereto, Defendant, ALENA ZACHERY-ROSS (hereinafter "Zachery-Ross") is a citizen of the State of Michigan and was acting under the color of state law within the course and scope of her employment as Superintendent of the YPSILANTI COMMUNITY SCHOOLS.

12. Upon information and belief, at all times relevant hereto, Defendant CHARLES DAVIS, JR. (hereinafter "Davis") is a citizen of the State of Michigan and was acting under the color of state law within the course and scope of his employment as Principal for Ypsilanti Community Middle School within the YPSILANTI COMMUNITY SCHOOLS.

4

Attorneys & Counselors at Law

VAHDAT WEISMAN
LAW

V|W

13. Upon information and belief, at all times relevant hereto, JEANINA HARRIS (Hereinafter "Harris") is a citizen of the State of Michigan and was acting under the color of state law within the course and scope of her employment as Assistant-Principal for Ypsilanti Community Middle School within the YPSILANTI COMMUNITY SCHOOLS.

14. Upon information and belief, at all times relevant hereto, Defendant CHALRES PAYNE (hereinafter "Payne") is a citizen of the State of Michigan and was acting under the color of state law within the course and scope of his employment as "Climate and Culture Coach" and hall-monitor for Ypsilanti Community Middle School within the YPSILANTI COMMUNITY SCHOOLS.

## **FACTUAL STATEMENT**

15. Plaintiff hereby reincorporate and reassert each and every allegation set forth in the previous paragraphs of this Complaint as if fully set forth herein.

16. At all material times, Plaintiff's Minor, MN, was a student attending middle school in the YPSILANTI COMMUNITY SCHOOL district.

17. At all material times, Defendants SMITH, ZACHERY-ROSS, DAVIS, HARRIS and PAYNE all acted as an agent and representative of Defendant YPSILANTI COMMUNITY SCHOOL.

Attorneys & Counselors at Law

VAHDAT WEISMAN
L A W

V|W

18. On or about June 4, 2024, while Plaintiff was at school and on Defendant YPSILANTI's premises, Defendant SMITH physically battered and assaulted Plaintiff's Minor by taking off his shirt and —with full force—putting the shirt around Plaintiff's Minor's neck and began to choke Plaintiff's Minor; causing him to suffer injuries, including but not limited to scratches, back pain, neck pain, and mental trauma.

19. Upon information and belief, and at all times relevant, Defendant SMITH, ordered Plaintiff's Minor, MN, to do push-ups for horseplaying instead of being in his class.

20. Plaintiff's minor, MN, attempted to do the pushups but informed Defendant SMITH that he was unable to complete the task as he had an injury to his hand and proceeded to go into his social studies class.

21. Upon information and belief, and at all times relevant, Defendant SMITH went into Plaintiff's Minor's classroom and pulled Plaintiff's Minor out class.

22. Upon information and belief, and at all times relevant, Defendant SMITH began scolding and berating Plaintiff's Minor, MN, in the hallway and also began to poke his finger into Plaintiff's Minor's chest.

23. Upon information and belief, and at all times relevant, Plaintiff's Minor, MN, pushed Defendant SMITH and began to walk away.

24. At all times relevant, Defendant SMITH followed Plaintiff's minor, took off his shirt, and from behind, placed it around Plaintiff's Minor's neck and began strangling MN for several seconds.

25. At no point did Plaintiff's Minor, MN, pose a threat to himself others, or Defendant SMITH.

26. Under all the circumstances known to Defendants YPSILANTI COMMUNITY SCHOOLS, ZACHERY-ROSS, DAVIS, HARRIS, and PAYNE, the physical force used against Plaintiff's Minor, by Defendant, SMITH, was objectively unreasonable and clearly excessive.

27. At all times relevant hereto, Defendants YPSILANTI COMMUNITY SCHOOLS, ZACHERY-ROSS, DAVIS, HARRIS, and PAYNE, owed a duty to Plaintiff's Minor, MN, to ensure Defendant, SMITH, exercised appropriate force and attempted to deescalate the situation.

28. At all times relevant, while Defendant SMITH was berating and then strangling Plaintiff's Minor, MN, Defendant PAYNE failed to intervene as required under the law when he observed Defendant, SMITH, wrongfully (and illegally) restrained Plaintiff's Minor, applying excessive and unreasonable force, or otherwise violating Plaintiff's Minor's constitutionally protected rights.

29. At all times relevant, Defendant PAYNE had the opportunity to intervene and prevent the above described constitutional violations from occurring.

30. At all times relevant, Defendants YPSILANTI COMMUNITY SCHOOLS, ZACHERY-ROSS, DAVIS, HARRIS, and PAYNE had the opportunity to intervene and prevent the above described constitutional violations from occurring due to prior knowledge of Defendant's SMITH's previous interactions with students of Ypsilanti Community Middle School.

31. Upon information and belief, and at all times relevant, Defendants YPSILANTI COMMUNITY SCHOOLS, ZACHERY-ROSS, DAVIS, HARRIS, PAYNE and SMITH had a policy to allow staff at Defendant YPSILANTI COMMUNITY SCHOOLS to inflict physical punishment.

32. Upon information and belief, and at all times relevant, Defendants YPSILANTI COMMUNITY SCHOOLS, ZACHERY-ROSS, DAVIS, and HARRIS had actual knowledge of concerns from parents of students at Ypsilanti Community Middle School regarding Defendant SMITH's propensities to violently engage students.

33. Despite this prior knowledge, DEFENDANTS YPSILANTI COMMUNITY SCHOOLS, ZACHERY-ROSS, DAVIS, and HARRIS continued to employ Defendant SMITH.

34. Defendants, violated Plaintiff's Minor's clearly established right to be free from unreasonable and excessive use of force, unlawful detention, and wrongful restraint as guaranteed by the Fourth Amendment incorporated to the states through the Fourteenth Amendment of the United States Constitution.

35. At all times relevant hereto Defendant SMITH, repeatedly violated Plaintiff Minor's rights and used excessive force in violation of Plaintiffs' Fourth Amendment Rights.

36. The risk of harm that Defendant SMITH posed to the students of Ypsilanti Community Middle School, including Plaintiff's Minor, MN, was obvious and known by all DEFENDANTS.

37. That each and every Defendant named herein made affirmative actions that created and increased the risk of harm and danger to Ypsilanti Community Middle School students, and in particular, Plaintiffs' Minors' MN's vulnerability to the extremely violent behavior of Defendant SMITH.

38. At all times pertinent hereto, DEFENDANTS YPSILANTI COMMUNITY SCHOOLS, ZACHERY-ROSS, DAVIS, and HARRIS knew or should have known of Defendant SMITH's incompetence and inability to control his emotions and or act in a professional capacity as a coach and hall-monitor.

39. Upon information and belief, Defendant SMITH engaged in negligent and wrongful behavior prior to the incidents alleged in this complaint, which placed DEFENDANTS YPSILANTI COMMUNITY SCHOOLS, ZACHERY-ROSS, DAVIS, and HARRIS on notice of his inability to carry out his duties in a competent / professional manner.

40. Defendants' conduct was outrageous and shocks the conscience.

41. Defendants are not entitled to governmental and/or qualified immunity.

42. As a direct and proximate result of the Defendants gross negligence and discrimination, Plaintiff suffered injuries as set forth herein.

43. As a direct and proximate result of Defendants' wrongful acts, Plaintiff suffered severe embarrassment, humiliation, and mental and emotional distress and anguish.

44. As a direct and proximate result of Defendants' wrongful acts, Plaintiff suffered severe emotional, physical, and mental distress, anguish and economic loss in excess of $75,000 exclusive of costs, interest, and attorney fees.

**COUNT I**
**42 U.S.C § 1983-VIOLTATION OF PLAINTIFF MINOR'S 4th AMENDMENT RIGHTS DEFENDANT JOSHUA SMITH**

45. Plaintiff hereby incorporates all other paragraphs of this Complaint as if fully set forth herein.

46. At all times relevant hereto, Defendant, SMITH, was acting under the color of state law and in his capacity as a coach and hall-monitor for Defendant YPSILANTI COMMUNITY SCHOOLS and his acts and/or omissions were conducted within the scope of his official duties and employment.

47. Plaintiff's Minor, MN, had the clearly established right under the Fourth and Fourteenth Amendment to be free from excessive force, unlawful detention, and wrongful restraint by a school employee.

48. Under all the circumstances known to Defendant, SMITH, the physical force used against Plaintiff's Minor, MN, was objectively unreasonable and clearly excessive.

49. Plaintiff's Minor, MN was physically assaulted by strangulation and posed no threat to Defendant SMITH or the public, and that by being strangled and slammed into the lockers, causing injury, Defendant SMITH, violated Plaintiff's Minor's clearly established right to be free from unnecessary force, unreasonable force, and excessive force pursuant to the Fourth and Fourteenth Amendments of the United States Constitution.

50. At all times relevant hereto, Plaintiff's Minor, MN, was unarmed, walking away from Defendant SMITH and did not pose a threat to the safety of Defendants or others.

51. At all times relevant hereto, Plaintiff's Minor, MN, had not violated any school policy, rule or regulation.

52. The misconduct of Defendant, SMITH, directly and proximately caused Plaintiff's Minor, MN, to suffer numerous injuries including, but not limited to:

    a. Post-Traumatic Stress Disorder;

    b. Pain and suffering;

    c. Back pain;

    d. Neck pain;

    e. Headaches;

    f. Anxiety;

    g. Mental Anguish;

    h. Emotional distress;

    i. Fright and Shock;

    j. Humiliation and/or mortification;

    k. Medical expenses;

    l. Punitive damages;

    m. Exemplary Damages;

    n. Attorneys fees and costs pursuant to 42 U.S.C. §1988;

    o. Other damages, injuries, and consequences that are found to be related to the incident that develops during the course of discovery; and

p. Any other damages allowed by law.

53. The acts and/or omissions of Defendant, SMITH, were willful, wanton, reckless, malicious, oppressive, and/or done with a conscious or reckless disregard for the constitutional rights of Plaintiff's Minor, MN. Plaintiff therefore request an award of punitive and exemplary damages. Plaintiffs have retained private counsel to represent them in this matter and are entitled to an award of attorney fees and costs.

**WHEREFORE**, Plaintiff YOLANDA ELLIS, as Next Friend of Plaintiff's Minor, MN, respectfully request this Honorable Court enter a judgment in their favor against Defendants and award an amount in excess of Seventy-Five Thousand ($75,000) Dollars, exclusive of costs, interest, and attorney fees, as well as an award of punitive damages.

## COUNT II
## 42 U.S.C. § 1983: FAILURE TO INTERVENE TO PREVENT VIOLATION OF PLAINTIFFS' FOURTH AND FOURTEENTH AMENDMENT RIGHTS CHARLES PAYNE

54. Plaintiff hereby reincorporate and reassert each and every allegation set forth in the previous paragraphs of this Complaint.

55. Defendant PAYNE had a duty to intervene when Defendant, SMITH, violated Plaintiff's Minor MN's rights under the Fourth Amendment incorporated to the states through the Fourteenth Amendment to the United States Constitution and 42 U.S.C. § 1983.

13

56. Defendant PAYNE observed and/or had reason to know that excessive force was being inflicted upon Plaintiff's Minor, MN.

57. Defendant PAYNE had the opportunity and means to intervene and prevent the violation of Plaintiff's Minor's constitutional rights.

58. Defendant PAYNE failed to intervene which resulted in the infliction of excessive force and punishment upon Plaintiff's Minor, MN, in violation of Plaintiffs' constitutionally protected rights.

59. The misconduct of Defendant PAYNE directly and proximately caused Plaintiff's Minor, MN, to suffer numerous injuries including, but not limited to:

  a. Post-Traumatic Stress Disorder;

  b. Pain and suffering;

  c. Back pain;

  d. Neck pain;

  e. Headaches;

  f. Anxiety;

  g. Mental Anguish;

  h. Emotional distress;

  i. Fright and Shock;

  j. Humiliation and/or mortification;

  k. Medical expenses;

  l. Punitive damages;

  m. Exemplary Damages;

14

n.  Attorneys fees and costs pursuant to 42 U.S.C. §1988;

o.  Other damages, injuries, and consequences that are found to be related to the incident that develops during the course of discovery; and

p.  Any other damages allowed by law.

60. The acts and/or omissions of Defendant PAYNE, were willful, wanton, reckless, malicious, oppressive, and/or done with a conscious or reckless disregard for the constitutional rights of Plaintiff's Minor MN. Plaintiff therefore requests an award of punitive and exemplary damages. Plaintiffs have retained private counsel to represent them in this matter and are entitled to an award of attorney fees and costs.

**WHEREFORE**, Plaintiff YOLANDA ELLIS, as Next Friend of Plaintiff's Minor, MN, respectfully request this Honorable Court enter a judgment in their favor against Defendants and award an amount in excess of Seventy-Five Thousand ($75,000) Dollars, exclusive of costs, interest, and attorney fees, as well as an award of punitive damages.

<u>**COUNT III**</u>
<u>**VIOLATION OF CIVIL RIGHTS PURSUANT TO THE**</u>
<u>**14TH AMENDMENT TO THE CONSTITUTION**</u>
<u>**AND 42 U.S.C. §1983, 1988  STATE CREATED DANGER**</u>
<u>**AS TO DEFENDANTS ALL DEFENDANTS**</u>

61. Plaintiff hereby reincorporate and reassert each and every allegation set forth in the previous paragraphs of this Complaint.

62. As a citizen of the United States Plaintiff's Minor MN is entitled to all rights, privileges, and immunities accorded to all citizens of the State of Michigan and of the United States.

63. Pursuant to the Fourteenth Amendment of the United States Constitution, at all times relevant hereto, Plaintiff's Minor MN, had a clearly established right to be free from danger created and/or increased by the Defendants.

64. At all times relevant hereto, that the Defendants, YPSILANTI COMMUNITY SCHOOL, ZACHERY-ROSS, DAVIS, HARRIS and PAYNE, were acting under the color of state law and created and/or increased a state created danger by substantially increasing the risk of harm to Plaintiff's Minor MN and in reckless disregard to Plaintiffs' safety, thereby increasing the risk that Plaintiff's Minor would be exposed to Defendant SMITH's acts of violence.

65. That actions by Defendants, YPSILANTI COMMUNITY SCHOOL, ZACHERY-ROSS, DAVIS, HARRIS and PAYNE under the 14th Amendment to the United States Constitution, as well as 42 U.S.C. §1983 and §1988 were all performed under the color of state law and were objectively unreasonable and performed knowingly, deliberately and indifferently to Plaintiffs' Minor, MN and in reckless disregard to his safety.

66. That each and all Defendants, were acting under the color of state law when they deprived Plaintiffs' Minor, MN of his clearly established rights,

privileges, and immunities in violation of the 14th Amendment of the Constitution of the United States, and of 42 U.S.C. §1983 and §1988.

67. Defendants created and tolerated an atmosphere of lawlessness, and has developed and maintained long-standing, school-wide customs, policies, procedures, customs, practices, and/or failed to properly train and/or supervise its coaches, hall-monitors, teachers and employees in a manner amounting to deliberate indifference to the constitutional rights of Plaintiff's Minor and of the students of the Ypsilanti Community Middle School.

68. That each and every individual Defendant exhibited deliberate indifference, pursuant to the Fourteenth Amendment to the United States Constitution, by taking affirmative actions resulting in the students and Plaintiff's Minor in particular being less safe than they were before the actions and inactions of each and every Individual Defendant.  Their actions created the danger and increased the risk of harm that their students would be exposed to private acts of violence, to wit:

    a. Deliberately and intentionally dissuading students and parents from reporting threats so that the students could properly and effectively protect themselves from threats of and/or acts of violence;

    b. Deliberately and intentionally misleading students and parents regarding their investigation of threats by Defendant SMITH reported to the school so that the students, such as Plaintiff's Minor, could properly and effectively protect themselves from threats of and/or acts of violence;

Attorneys & Counselors at Law

VAHDAT WEISMAN
LAW

V|W

c.  Deliberately and intentionally misleading students and parents that there has been no threat to the students of Ypsilanti Community Middle School;

d.  Deliberately and intentionally allowing Defendant SMITH to continue to work as an employee of Ypsilanti Community Schools;

e.  Deliberately deciding against involving and advising the proper police authorities of Defendant SMITH's prior conduct and making a decision to handle the situation without proper authorities being involved;

f.  Deciding against internally handling the complaints and threats of Defendant Smith from other students and parents rather than involve the proper police authorities;

g.  Deliberately failing to report Defendant SMITH's previous aggressive behavior to Child Protective Services;

h.  Deliberately deciding against reporting Defendant SMITH's previous aggressive behavior to appropriate law enforcement;

i.  Demonstrating conduct so reckless that it demonstrates a substantial lack of concern for whether any injury would result;

j.  Wrongfully causing Plaintiff's Minor to suffer extreme emotional distress;

k.  Any and all other breaches that may become known throughout the course of this litigation.

69. That all of the above conduct alleged in the previous paragraph substantially increased the harm to Plaintiffs' Minor, MN.

70. That the above-described conduct of Defendants YPSILANTI COMMUNITY SCHOOL, ZACHERY-ROSS, DAVIS, HARRIS and PAYNE as specifically set forth above, were the proximate cause of Plaintiff's Minor's injuries and damages, including but not limited to the following:

18

a.  Post-Traumatic Stress Disorder

b.  Pain and suffering;

c.  Back pain;

d.  Neck pain;

e.  Headaches;

f.  Anxiety;

g.  Mental Anguish;

h.  Emotional distress;

i.  Fright and Shock;

j.  Humiliation and/or mortification;

k.  Medical expenses;

l.  Punitive damages;

m. Exemplary Damages;

n.  Attorneys fees and costs pursuant to 42 U.S.C. §1988;

o.  Other damages, injuries, and consequences that are found to be related to the incident that develops during the course of discovery; and

p.  Any other damages allowed by law.

71. Defendants are not entitled to governmental or qualified immunity.

**WHEREFORE**, Plaintiff YOLANDA ELLIS, as Next Friend of Plaintiff's Minor, MN, respectfully request this Honorable Court enter a judgment in their favor against Defendants and award an amount in excess of Seventy-Five Thousand ($75,000) Dollars, exclusive of costs, interest, and attorney fees, as well as an award of punitive damages.

## COUNT IV
## VIOLATION OF CIVIL RIGHTS PURSUANT TO THE
## 14TH AMENDMENT TO THE CONSTITUTION

**AND 42 U.S.C. §1983, 1988 – SUPERVISORY LIABILITY
DEFENDANTS SUPERINTENDENT ZACHERY-ROSS, PRINCIPAL
DAVIS, and ASSISTANT PRINCIPAL HARRIS**

72. Plaintiff hereby reincorporate and reassert each and every allegation set forth in the previous paragraphs of this Complaint.

73. At all times relevant hereto, Defendant ZACHERY-ROSS, was the Superintendent at YPSILANTI COMMUNITY SCHOOLS, and directly supervised and oversaw the actions of herself and Defendants SMITH, DAVIS, HARRIS and PAYNE and encouraged the specific incident of misconduct and/or directly participated in it by not suspending, disciplining, investigating or firing Defendant SMITH and/or notifying police authorities of Defendant SMITH's prior violent and aggressive behavior with other students and parents of Ypsilanti Community Schools.

74. At all times relevant hereto, Defendant DAVIS, was the principal at Ypsilanti Community Middle School, who was the direct supervisor and oversaw the actions of Defendants SMITH, HARRIS and PAYNE, and encouraged the specific incident of misconduct and/or directly participated in it by not suspending, disciplining, investigating or firing Defendant SMITH for prior violent and aggressive behavior with other students and parents of Ypsilanti Community Schools.

Attorneys & Counselors at Law

VAHDAT WEISMAN
LAW

V|W

75. At all times relevant hereto, Defendant HARRIS, was the assistant-principal at Ypsilanti Community Middle School, who was the direct supervisor and oversaw the actions of Defendants SMITH and PAYNE, and encouraged the specific incident of misconduct and/or directly participated in it by not suspending, disciplining, investigating or firing Defendant SMITH for prior violent and aggressive behavior with other students and parents of Ypsilanti Community Schools.

76. By inadequately training and/or supervising their teachers, hall-monitors, and coaches, and having a custom or policy of indifference to the constitutional rights of their citizens, and/or by failing to adequately supervise Defendant SMITH, Defendants ZACHERY-ROSS, DAVIS and HARRIS encouraged and cultivated the conduct which then caused a violation of Plaintiff Minor's rights under the Fourteenth Amendments of the United States Constitution.

77. By not suspending, disciplining, investigating or firing Defendant SMITH, Defendants ZACHERY-ROSS, DAVIS and HARRIS authorized, approved, or knowingly acquiesced in the unconstitutional conduct of Defendant SMITH by allowing SMITH to continue to work with the Ypsilanti Community Schools.

Attorneys & Counselors at Law

VAHDAT WEISMAN
LAW

V|W

78. Pursuant to the Fourteenth Amendment of the United States Constitution, at all times relevant hereto, Plaintiffs' Minor, MN, had a clearly established right to be free from dangers created by the Defendants.

79. That actions and omissions by Defendants, ZACHERY-ROSS, DAVIS, HARRIS, SMITH and PAYNE, under the 14th Amendment to the United States Constitution, as well as 42 U.S.C. §1983 and §1988 were all performed under the color of state law and were objectively unreasonable and performed knowingly, deliberately and indifferently to Plaintiff's Minor, MN, and in reckless disregard to their safety.

80. That Defendants, ZACHERY-ROSS, DAVIS, HARRIS, SMITH and PAYNE were acting under the color of state law when they deprived Plaintiff's Minor, MN of their clearly established rights, privileges, and immunities in violation of the 14th Amendment of the Constitution of the United States, and of 42 U.S.C. §1983 and §1988.

81. The Defendants exhibited deliberate indifference, pursuant to the Fourteenth Amendment to the United States Constitution, to be free from acts that create the risk of harm and/or increase the risk of harm that an individual will be exposed to private acts of violence, to wit:

   a. Deliberately and intentionally dissuading students and parents from reporting threats so that the students could properly and effectively protect themselves from threats of and/or acts of violence;

b. Deliberately and intentionally misleading students and parents regarding their investigation of threats by Defendant SMITH reported to the school so that the students, such as Plaintiff's Minor, could properly and effectively protect themselves from threats of and/or acts of violence;

c. Deliberately and intentionally misleading students and parents that there has been no threat to the students of Ypsilanti Community Middle School;

d. Deliberately and intentionally allowing Defendant SMITH to continue to work as an employee of Ypsilanti Community Schools;

e. Deliberately deciding against involving and advising the proper police authorities of Defendant SMITH's prior conduct and making a decision to handle the situation without proper authorities being involved;

f. Deciding against internally handling the complaints and threats of Defendant Smith from other students and parents rather than involve the proper police authorities;

g. Deliberately failing to report Defendant SMITH's previous aggressive behavior to Child Protective Services;

h. Deliberately deciding against reporting Defendant SMITH's previous aggressive behavior to appropriate law enforcement;

i. Demonstrating conduct so reckless that it demonstrates a substantial lack of concern for whether any injury would result;

j. Wrongfully causing Plaintiff's Minor to suffer extreme emotional distress;

k. Any and all other breaches that may become known throughout the course of this litigation.

82. That the above-described conduct of Defendants, ZACHERY-ROSS, DAVIS,

HARRIS, SMITH, and PAYNE as specifically set forth above, were the

proximate cause of Plaintiff's Minor's injuries and damages, including but not limited to the following:

    a. Post-Traumatic Stress Disorder

    b. Pain and suffering;

    c. Back pain;

    d. Neck pain;

    e. Headaches;

    f. Anxiety;

    g. Mental Anguish;

    h. Emotional distress;

    i. Fright and Shock;

    j. Humiliation and/or mortification;

    k. Medical expenses;

    l. Punitive damages;

    m. Exemplary Damages;

    n. Attorneys fees and costs pursuant to 42 U.S.C. §1988;

    o. Other damages, injuries, and consequences that are found to be related to the incident that develops during the course of discovery; and

    p. Any other damages allowed by law.

83. Defendants are not entitled to governmental or qualified immunity.

**WHEREFORE**, Plaintiff YOLANDA ELLIS, as Next Friend of Plaintiff's Minor, MN, respectfully request this Honorable Court enter a judgment in their favor against Defendants and award an amount in excess of Seventy-Five Thousand ($75,000) Dollars, exclusive of costs, interest, and attorney fees, as well as an award of punitive damages.

Attorneys & Counselors at Law

VAHDAT WEISMAN
LAW

V|W
VAHDAT WEISMAN
L A W

**COUNT V**
**42 U.S.C. § 1983 –** *MONELL* **LIABILITY**
**DEFENDANT YPSILANTI COMMUNITY SCHOOL DISTRICT**

84. Plaintiffs hereby reincorporate and reassert each and every allegation set forth in the previous paragraphs of this Complaint.

85. At all times relevant, Defendant YPSILANTI COMMUNITY SCHOOL DISTRICT failed and failed adequately to train, discipline and supervise Defendants, ZACHERY-ROSS, DAVIS, HARRIS, SMITH and PAYNE, promulgating and maintaining de facto unconstitutional customs, policies, or practices rendering them liable for the constitutional violations alleged herein under *Monell v. Dept. of Social Services of the City of New York,* 436 U.S. 658 (1978).

86. At all times relevant, Defendant YPSILANTI COMMUNITY SCHOOL DISTRICT knew or should have known that the policies, procedures, training supervision and discipline of Defendants, ZACHERY-ROSS, DAVIS, HARRIS, SMITH and PAYNE, were inadequate for the tasks that each Defendant was required to perform.

87. At all times relevant, Defendant, YPSILANTI COMMUNITY SCHOOL DISTRICT failed to establish, implement, or execute adequate policies, procedures, rules and regulations to ensure that their actions did not create or increase the risk Plaintiffs' Minor MN, would be exposed to acts of violence.

88. At all times relevant, Defendant, YPSILANTI COMMUNITY SCHOOL DISTRICT failed to establish, implement, or execute adequate policies, procedures, rules and regulations to ensure that their teachers, coaches and staff do not take actions that create or increase the risk of harm to district's students at YPSILANTI Community Middle School, such as Plaintiffs' Minor MN.

89. At all times relevant, Defendant YPSILANTI COMMUNITY SCHOOL DISTRICT was on notice or should have known, of a history, custom, propensity, and pattern for Defendants, ZACHERY-ROSS, DAVIS, HARRIS, SMITH and PAYNE and other employees of Ypsilanti Community Middle School, to fail to properly identify a school employee with violent tendencies and acted in such a way that created a risk of harm to Ypsilanti Community Middle School students and/or increased a risk of harm to Ypsilanti Community Middle School students, such as Plaintiff's Minor, MN.

90. Defendant YPSILANTI COMMUNITY SCHOOL DISTRICT explicitly and implicitly authorized, approved, or knowingly acquiesced in the deliberate indifference to the strong likelihood that constitutional violations, such as in the instant case, would occur, and pursued policies, practices, and customs that were a direct and proximate cause of the deprivations of Plaintiffs' constitutional rights.

Attorneys & Counselors at Law

VAHDAT WEISMAN
LAW

V|W

91. At all times relevant, Defendant YPSILANTI COMMUNITY SCHOOL DISTRICT knew that its policies, procedures, customs, propensity and patterns of supervising and/or investigating an employee with violent tendencies and demeanor, would deprive citizens, such as Plaintiffs' Minor MN, of their constitutional rights.

92. At all times relevant, Defendant YPSILANTI COMMUNITY SCHOOL DISTRICT knew that its policies, procedures, customs, propensity and patterns allowed principals, assistant principals, coaches, hall-monitors, and teachers to return an employee with violent tendencies and demeanor back to regular job status such that their actions and/or inactions created a risk of harm and/or an increased risk of harm to the students at Ypsilanti Community Middle School before getting permission from proper authorities.

93. By inadequately training and/or supervising their principals, assistant principals, coaches, hall-monitors, and teachers and having a custom or policy of deliberate indifference to the constitutional rights of their citizens, Defendant, YPSILANTI COMMUNITY SCHOOL DISTRICT, encouraged and cultivated the conduct which violated Plaintiff Minor's rights under the Fourteenth Amendments of the United States Constitution, and provided clearance for Defendant SMITH to commit his acts of violence, thereby

increasing the risk that Plaintiff's Minor, MN, would be exposed to Defendant SMITH's acts of violence.

94. That the above-described conduct of Defendants was the proximate cause of Plaintiffs' Minor, MN's injuries and damages, including but not limited to the following:

    a. Post-Traumatic Stress Disorder;

    b. Pain and suffering;

    c. Back pain;

    d. Neck pain;

    e. Headaches;

    f. Anxiety;

    g. Mental Anguish;

    h. Emotional distress;

    i. Fright and Shock;

    j. Humiliation and/or mortification;

    k. Medical expenses;

    l. Punitive damages;

    m. Exemplary Damages;

    n. Attorneys fees and costs pursuant to 42 U.S.C. §1988;

    o. Other damages, injuries, and consequences that are found to be related to the incident that develops during the course of discovery; and

    p. Any other damages allowed by law.

95. Defendants are not entitled to governmental or qualified immunity.

Attorneys & Counselors at Law

VAHDAT WEISMAN
LAW

V|W

Attorneys & Counselors at Law

VAHDAT WEISMAN
LAW

V|W

**WHEREFORE**, Plaintiff YOLANDA ELLIS, as Next Friend of Plaintiff's Minor, MN, respectfully request this Honorable Court enter a judgment in their favor against Defendants and award an amount in excess of Seventy-Five Thousand ($75,000) Dollars, exclusive of costs, interest, and attorney fees, as well as an award of punitive damages.

**COUNT VI– GROSS NEGLIGENCE**
**DEFENDANT ZACHERY-ROSS, DAVIS, HARRIS, SMITH AND PAYNE**

96. Plaintiff hereby reincorporate each and every allegation set forth in the preceding paragraphs of this Complaint as if fully set forth herein.

97. At all times relevant hereto, and pursuant to Michigan Law, Defendant ZACHERY-ROSS, owed a duty to act with care for the safety of the public while acting as superintendent of YPSILANTI COMMUNITY SCHOOL DISTRICT and specifically owed duties to Plaintiffs' Minor, MN, which duties include, but are not limited to, obeying all laws, statutes and local ordinances in a way that is not grossly negligent.

98. At all times relevant hereto, and pursuant to Michigan Law, Defendant DAVIS, owed a duty to act with care for the safety of the public while acting as principal of Ypsilanti Community Middle School and specifically owed duties to Plaintiffs' Minor, MN, which duties include, but are not limited to, obeying all laws, statutes and local ordinances in a way that is not grossly negligent.

99. At all times relevant hereto, and pursuant to Michigan Law, Defendant HARRIS, owed a duty to act with care for the safety of the public while acting as assistant-principal of Ypsilanti Community Middle School and specifically owed duties to Plaintiffs' Minor, MN, which duties include, but are not limited to, obeying all laws, statutes and local ordinances in a way that is not grossly negligent.

100. At all times relevant hereto, and pursuant to Michigan Law, Defendant SMITH, owed a duty to act with care for the safety of the public while acting as a coach, hall-monitor and employee of Ypsilanti Community Middle School and specifically owed duties to Plaintiffs' Minor, MN, which duties include, but are not limited to, obeying all laws, statutes and local ordinances in a way that is not grossly negligent.

101. At all times relevant hereto, and pursuant to Michigan Law, Defendant PAYNE, owed a duty to act with care for the safety of the public while acting as a climate and culture coach and hall-monitor of Ypsilanti Community Middle School and specifically owed duties to Plaintiffs' Minor, MN, which duties include, but are not limited to, obeying all laws, statutes and local ordinances in a way that is not grossly negligent.

102.    Defendants ZACHERY-ROSS, DAVIS, HARRIS and PAYNE had actual knowledge of the threats of violence made against students of Ypsilanti Middle School.

103.    Defendants ZACHERY-ROSS, DAVIS, HARRIS and PAYNE had actual knowledge of concerns from parents of students at Ypsilanti Community Middle School as well as the students at Ypsilanti Community Middle School.

104.    Defendants ZACHERY-ROSS, DAVIS, and HARRIS viewed school surveillance videos and Defendant SMITH's past social media posts which made threats against Ypsilanti Community Middle School students and parents.

105.    Despite the posts and knowledge of threats of violence by Defendant SMITH, Defendants ZACHERY-ROSS, DAVIS, PAYNE and HARRIS brushed off parent's concerns by calling police to escort these parents of Ypsilanti school property.

106.    While acting as superintendent of the school, Defendant ZACHERY-ROSS knew or should have known that a police officer was present at Ypsilanti Community Middle School to investigate past violent and aggressive behavior of Defendant SMITH.

Attorneys & Counselors at Law

VAHDAT WEISMAN
LAW

V|W

107.     While acting as principal of the Ypsilanti Community Middle School, Defendant DAVIS knew or should have known that a police officer was present at Ypsilanti Community Middle School to investigate past violent and aggressive behavior of Defendant SMITH.

108.     While acting as assistant-principal of the Ypsilanti Community Middle School, Defendant HARRIS knew or should have known that a police officer was present at Ypsilanti Community Middle School to investigate past violent and aggressive behavior of Defendant SMITH.

109.     While acting as a climate and culture coach and hall-monitor of the Ypsilanti Community Middle School, Defendant PAYNE knew or should have known of Defendant SMITH'S aggressive behavior and tendencies.

110.     While acting as a coach and hall-monitor of the Ypsilanti Community Middle School, Defendant SMITH knew or should have known that his prior and current conduct was a threat to the students of Ypsilanti Community Middle School.

111.     Despite knowing or being aware of complaints against Defendant SMITH, Defendants, ZACHERY-ROSS, DAVIS, PAYNE and HARRIS, allowed Defendant SMITH to continue working at Ypsilanti Community Middle School.

Attorneys & Counselors at Law

VAHDAT WEISMAN
LAW

V|W

112.   Despite knowing or being aware of complaints against him, Defendant SMITH continued working at Ypsilanti Community Middle School and continued his violent and aggressive behavior.

113.   At all times relevant hereto, Defendants, ZACHERY-ROSS, DAVIS, HARRIS, SMITH and PAYNE conduct was so reckless that it demonstrated a substantial lack of concern for whether an injury resulted when he acted as set forth above.

114.   The actions referenced above by Defendants, ZACHERY-ROSS, DAVIS, HARRIS, SMITH and PAYNE caused Plaintiffs' minor, MN, serious injuries to his person including, but not limited to:

    a.  Post-Traumatic Stress Disorder;

    b.  Pain and suffering;

    c.  Back pain;

    d.  Neck pain;

    e.  Headaches;

    f.  Anxiety;

    g.  Mental Anguish;

    h.  Emotional distress;

    i.  Fright and Shock;

    j.  Humiliation and/or mortification;

    k.  Medical expenses;

    l.  Punitive damages;

    m.  Exemplary Damages;

    n.  Attorneys fees and costs pursuant to 42 U.S.C. §1988;

Attorneys & Counselors at Law

VAHDAT WEISMAN
LAW

V|W

o. Other damages, injuries, and consequences that are found to be related to the incident that develops during the course of discovery; and

p. Any other damages allowed by law.

115. The above actions committed by Defendants, ZACHERY-ROSS, DAVIS, HARRIS, SMITH and PAYNE were committed while acting under the course and scope of their employment with YPSILANTI COMMUNITY SCHOOL DISTRICT.

116. The above actions committed by Defendants, ZACHERY-ROSS, DAVIS, HARRIS, SMITH and PAYNE put the students at Ypsilanti Community Middle School and specifically Plaintiffs' Minor, MN, in great danger.

117. That, Defendants, ZACHERY-ROSS, DAVIS, HARRIS, SMITH and PAYNE acts were the direct cause of MN's injuries.

118. That, Defendants, ZACHERY-ROSS, DAVIS, HARRIS, SMITH and PAYNE acts were the proximate cause of MN's injuries.

119. But for Defendants, ZACHERY-ROSS, DAVIS, HARRIS, SMITH and PAYNE actions and inactions, MN would have had an opportunity to escape the violent encounter he had with Defendant SMITH.

**WHEREFORE**, Plaintiff YOLANDA ELLIS, as Next Friend of Plaintiff's Minor, MN, respectfully request this Honorable Court enter a judgment in their favor against Defendants and award an amount in excess of Seventy-Five Thousand

($75,000) Dollars, exclusive of costs, interest, and attorney fees, as well as an award

of punitive damages.

**COUNT VII**
**ASSAULT AND BATTERY, DEFENDANT SMITH**

120.     Plaintiff herein incorporates by reference all other paragraphs of this

Complaint as if fully set herein.

121.     At all times relevant hereto, Defendant, SMITH, made threatening

movements creating within Plaintiff's Minor, MN, a well-founded fear of

imminent peril and/or contact.

122.     Defendant, SMITH, had the apparent ability to carry out the act if not

prevented.

123.     Defendant, SMITH, physically attacked Plaintiff's Minor, MN, when

he took off his shirt, put the shirt around Plaintiff's minor neck and began

strangling Plaintiff's minor for several seconds.

124.     As a direct and proximate result of Defendant SMITH's assault and

battery of Plaintiff's Minor, Plaintiff's Minor suffered injury and damage, past,

present and future, including the following:

    a.  Post-traumatic stress disorder;

    b.  Pain and suffering;

    c.  Back pain;

    d.  Neck pain;

    e.  Headaches;

Attorneys & Counselors at Law

VAHDAT WEISMAN
LAW

V|W

    f.  Anxiety;

    g.  Mental Anguish;

    h.  Emotional distress;

    i.  Fright and Shock;

    j.  Humiliation and/or mortification;

    k.  Medical expenses;

    l.  Punitive damages;

    m. Exemplary Damages;

    n.  Attorneys fees and costs pursuant to 42 U.S.C. §1988;

    o.  Other damages, injuries, and consequences that are found to be related to the incident that develops during the course of discovery; and

    p.  Any other damages allowed by law.

**WHEREFORE**, Plaintiff YOLANDA ELLIS, as Next Friend of Plaintiff's Minor, MN, respectfully request this Honorable Court enter a judgment in their favor against Defendants and award an amount in excess of Seventy-Five Thousand ($75,000) Dollars, exclusive of costs, interest, and attorney fees, as well as an award of punitive damages.

## COUNT VIII- INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS/ NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS TO PLAINTIFF'S MINOR MN BY ALL DEFENDANTS

125.    Plaintiffs' Minor hereby reincorporate each and every allegation set forth in the preceding paragraphs of this Complaint as if fully set forth herein.

126.    At the time of the above-described incident, Defendants acted in an

extreme and outrageous manner. Their actions went beyond all bounds of

decency.

127.    At the time of the above-described incident, Defendants acted in a

manner that was so reckless as to demonstrate a substantial lack of concern

for whether an injury results.

128.    Defendants intentionally and/or recklessly caused young MN to suffer

severe mental and emotional distress and to be injured physically, mentally,

and emotionally.

129.    The actions of all Defendants caused serious emotional injuries

resulting in physical manifestations and/or physical consequences as the direct

result of Defendants' conduct including, but not limited to increased anxiety,

headaches, nightmares, dizziness, neck pain, back pain, mental anguish.

130.    Additionally, and as the direct result of the actions taken by the

Defendants Plaintiff, MN, suffered serious injuries to her person including,

but not limited to:

    a. Post-traumatic stress disorder;

    b. Pain and suffering;

    c. Back pain;

    d. Neck pain;

    e. Headaches;

f.  Anxiety;

g.  Mental Anguish;

h.  Emotional distress;

i.  Fright and Shock;

j.  Humiliation and/or mortification;

k.  Medical expenses;

l.  Punitive damages;

m. Exemplary Damages;

n.  Attorneys fees and costs pursuant to 42 U.S.C. §1988;

o.  Other damages, injuries, and consequences that are found to be related to the incident that develops during the course of discovery; and

p.  Any other damages allowed by law

**WHEREFORE**, Plaintiff YOLANDA ELLIS, as Next Friend of Plaintiff's Minor, MN, respectfully request this Honorable Court enter a judgment in their favor against Defendants and award an amount in excess of Seventy-Five Thousand ($75,000) Dollars, exclusive of costs, interest, and attorney fees, as well as an award of punitive damages.

## COUNT IX- VIOLATION OF CHILD PROTECTION LAW, MCL§ 722.621, *ET SEQ*, ALL DEFENDANTS

131.   Plaintiff hereby reincorporate each and every allegation set forth in the preceding paragraphs of this Complaint as if fully set forth herein.

132.   That all of the above-described facts, allegations contained and previously alleged herein pertaining to Plaintiff's Minor's constitute child

Attorneys & Counselors at Law

VAHDAT WEISMAN
LAW

V|W

endangerment and/or child neglect and/or reasonable cause to suspect child abuse or endangerment, as defined under MCL§ 722.622.

133.     Pursuant to MCL§722.621, *et seq,* each and every Defendant, including Defendant YPSILANTI COMMUNITY SCHOOL DISTRICT, under the doctrine of vicarious liability for the actions of its employees and agents, had a statutory duty to report suspected child abuse and/or endangerment of the children/students at Ypsilanti Community Middle School.

134.     MN was a foreseeable victim protected under the Laws of the State of Michigan, specifically MCL§722.621, *et seq.*

135.     Each and every Defendant is classified by the statute as a mandatory reporter.

136.     Not a single Defendant reported the endangerment caused by the prior threats and actual violence of Defendant SMITH to Child Protection Services.

137.     MN was in imminent danger of bodily injury, mental, or physical impairment or death.

138.      Defendants knew that Ypsilanti Community Middle School students and parents were under threat and yet, allowed Plaintiff's Minor to be in directly in the crosshairs of that threat, which was Defendant SMITH.

139.     Defendants' actions directly caused Plaintiff's Minor, MN, to be in imminent danger of bodily injury, mental or physical impairment, or death.

140.     Based upon the information that each and every Defendant possessed, as described herein, all Defendants were required to report Defendant SMITH to Child Protection Services.

141.     Despite knowing of Defendant SMITH's prior aggressive interactions with children/students of Ypsilanti Community Middle School, not a single Defendant reported any of the child abuse or endangerment to Child Protective Services.

142.     All Defendants had knowledge of a real threat to the students at Ypsilanti Community Middle School.

143.     All Defendants failed to take action to prevent the known threat to the students. In fact, perpetrated the threat thereby, placing Plaintiff's Minor in greater danger.

144.     Defendants took affirmative action to place Plaintiff's Minor in greater danger by allowing Defendant SMITH to continue to work in the school district.

145.     Defendants' failure to report the child endangerment and/or child abuse and/or child their reasonable cause to suspect child abuse or endangerment was the most immediate, efficient, and direct causes of Plaintiff's Minor, MN's suffering physical, mental, and emotional damages.

146.  Defendants' failure to report the child endangerment and/or child abuse and/or their reasonable cause to suspect child abuse or endangerment was "a" and "the" proximate cause of Plaintiff's Minor, MN's suffering physical, mental, and emotional damages.

147.  MCL§ 722.633 requires that any person responsible and who does not report suspected child endangerment and/or child abuse and/or has reasonable cause to suspect child abuse or endangerment, is civilly liable for damages proximately caused by the failure to report the same. Each Defendant herein is a mandatory reporter under the act.

148.  Each and every Defendant had reasonable cause to suspect the child abuse or endangerment and pursuant to MCL §722.623, to make in immediate report as required to be made by telephone and or by online reporting or both.

149.   Each and every Defendant breached their duty(ies) to report the abuse and/or suspected abuse.

150.  As a direct and or the direct proximate cause of the acts of all Defendants in violation of the Child Protection Law, Plaintiff's Minor, MN suffered the following:

a.  Post-traumatic stress disorder;

b.  Pain and suffering;

c.  Back pain;

d.  Neck pain;

Attorneys & Counselors at Law

VAHDAT WEISMAN
LAW

V|W

e.  Headaches;

f.  Anxiety;

g.  Mental Anguish;

h.  Emotional distress;

i.  Fright and Shock;

j.  Humiliation and/or mortification;

k.  Medical expenses;

l.  Punitive damages;

m. Exemplary Damages;

n.  Attorneys fees and costs pursuant to 42 U.S.C. §1988;

o.  Other damages, injuries, and consequences that are found to be related to the incident that develops during the course of discovery; and

p.  Any other damages allowed by law

**WHEREFORE**, Plaintiff YOLANDA ELLIS, as Next Friend of Plaintiff's Minor, MN, respectfully request this Honorable Court enter a judgment in their favor against Defendants and award an amount in excess of Seventy-Five Thousand ($75,000) Dollars, exclusive of costs, interest, and attorney fees, as well as an award of punitive damages.

Respectfully submitted,

**VAHDAT WEISMAN LAW**

BY: */s/ Raquel Muñoz*
RAQUEL MUNOZ (P77420)
*Attorney for Plaintiff*
17197 N. Laurel Park Dr. Ste 500
Livonia, MI 48152
(734) 469-4994
raquel@thevwlaw.com

Dated: June 21, 2024

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN

YOLANDA ELLIS, next friend of          )
Minor MN,                              )          Case No. 4:24-cv-11591
                                       )          Hon.  Shalina D. Kumar
          Plaintiff,                   )          Mag. David R. Grand
                                       )
v.                                     )          **JURY DEMAND**
                                       )
YPSILANTI COMMUNITY SCHOOLS,           )
JOSH SMITH, ALENA ZACHERY-ROSS,        )
CHARLES DAVIS, JR, JEANINA HARRIS,     )
And CHARLES PAYNE,                     )
In their individual capacity           )
                                       )
          Defendants.                  )
_____)

## DEMAND FOR TRIAL BY JURY

NOW COMES Plaintiff, YOLANDA ELLIS as Next Friend of Minor MN,

by and through their attorney, RAQUEL MUÑOZ of VAHDAT WEISMAN LAW

and hereby demands a trial by jury in the above-captioned matter.

Respectfully submitted,

**VAHDAT WEISMAN LAW**

BY: */s/ Raquel Muñoz*
RAQUEL MUNOZ (P77420)
*Attorneys for Plaintiff*
17197 N. Laurel Park Dr. Ste 500
Livonia, MI 48152
(734) 469-4994

Dated: June 21, 2024          raquel@thevwlaw.com