**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

YOLANDA ELLIS, next friend of
Minor MN,

        Plaintiff,                      Case No. 4:24-cv-11591

v.                                  Hon. Shalina D. Kumar
                                  Mag. Judge David R. Grand

YPSILANTI COMMUNITY SCHOOLS,
JOSH SMITH, ALENA ZACHERY-ROSS,
CHARLES DAVIS, JR., JEANINA HARRIS,
and CHARLES PAYNE, in their individual
capacity,

        Defendants.

_____/

| | |
|---|---|
| RAQUEL A. MUNOZ (P77420) | MICHAEL D. WEAVER (P43985) |
| Vahdat Weisman Law | Plunkett Cooney |
| Attorney for Plaintiff | Attorney for Defendants |
| 17197 N. Laurel Park Dr., Ste. 500 | 38505 Woodward Ave., Ste. 100 |
| Livonia, MI 48152 | Bloomfield Hills, MI  48304 |
| (734) 469-4994 | (248) 901-4025 |
| raquel@thevwlaw.com | mweaver@plunkettcooney.com |

**ANSWER TO FIRST AMENDED COMPLAINT, AFFIRMATIVE
DEFENSES AND RELIANCE ON JURY DEMAND**

      NOW COME Defendants, YPSILANTI COMMUNITY SCHOOLS (YCS),

ALENA ZACHERY-ROSS (AZR), CHARLES DAVIS, JR., (CD), JEANINA HARRIS

(JH), CHARLES PAYNE (CP), and JOSH SMITH (SM), by and through their

attorneys, Plunkett Cooney, and in Answer to Plaintiff's First Amended Complaint, state as follows:

<u>**JURISDICTION AND VENUE**</u>

1.      Defendants deny that Plaintiff has pled a viable cause of action against these Defendants and, in addition, the claims are barred by governmental immunity and/or qualified immunity.

2.      Defendants deny that Plaintiff has pled a viable cause of action against these Defendants and, in addition, the claims are barred by governmental immunity and/or qualified immunity.

3.      Defendants deny that Plaintiff has pled a viable cause of action against these Defendants and, in addition, the claims are barred by governmental immunity and/or qualified immunity.

4.      Defendants deny that Plaintiff has pled a viable cause of action against these Defendants and, in addition, the claims are barred by governmental immunity and/or qualified immunity.

5.      Defendants deny that Plaintiff has pled a viable cause of action against these Defendants and, in addition, the claims are barred by governmental immunity and/or qualified immunity.

**PARTIES**

6.      Defendants hereby incorporate by reference Paragraphs 1 through 5 of this Answer as though fully stated herein.

7.      Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegation and, accordingly, Defendants neither admit nor deny the allegation.

8.      Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegation and, accordingly, Defendants neither admit nor deny the allegation.

9.      YCS admits that it is a governmental entity engaged in the exercise and discharge of a governmental function and, further, YCS states that all claims are barred by governmental immunity.

10.      Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegation and, accordingly, Defendants neither admit nor deny the allegation.

11.      AZR admits that she was the highest ranked employee at YCS at all times relevant to this cause of action and, accordingly, she is entitled to absolute immunity and/or qualified immunity.

12.      CD admits that he was, at all times, a governmental employee engaged in the exercise or discharge of a governmental function at all times

relevant to this cause of action and, accordingly, the claim is barred by governmental immunity and/or qualified immunity.

13.     JH admits that he was, at all times, a governmental employee engaged in the exercise or discharge of a governmental function at all times relevant to this cause of action and, accordingly, the claim is barred by governmental immunity and/or qualified immunity.

14.     CP admits that he was, at all times, a governmental employee engaged in the exercise or discharge of a governmental function at all times relevant to this cause of action and, accordingly, the claim is barred by governmental immunity and/or qualified immunity.

## **FACTUAL STATEMENT**

15.     Defendants hereby incorporate by reference Paragraphs 1 through 14 of this Answer as though fully stated herein.

16.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegation and, accordingly, Defendants neither admit nor deny the allegation.

17.     Defendants admit that they are employees of YCS engaged in the exercise or discharge of a governmental function.

18.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegation and, accordingly, Defendants neither admit nor deny the allegation.

19.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegation and, accordingly, Defendants neither admit nor deny the allegation.

20.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegation and, accordingly, Defendants neither admit nor deny the allegation.

21.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegation and, accordingly, Defendants neither admit nor deny the allegation.

22.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegation and, accordingly, Defendants neither admit nor deny the allegation.

23.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegation and, accordingly, Defendants neither admit nor deny the allegation.

24.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegation and, accordingly, Defendants neither admit nor deny the allegation.

25.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegation and, accordingly, Defendants neither admit nor deny the allegation.

26.     Defendants deny the allegations contained therein as same are untrue.

27.     Defendants deny the allegations contained therein as same are untrue.

28.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegation and, accordingly, Defendants neither admit nor deny the allegation.

29.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegation and, accordingly, Defendants neither admit nor deny the allegation.

30.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegation and, accordingly, Defendants neither admit nor deny the allegation.

31.    Defendants deny the allegations contained therein as same are untrue.

32.    Defendants deny the allegations contained therein as same are untrue.

33.    Defendants deny the allegations contained therein as same are untrue.

34.    Defendants deny the allegations contained therein as same are untrue.

35.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegation and, accordingly, Defendants neither admit nor deny the allegation.

36.    Defendants deny the allegations contained therein as same are untrue.

37.    Defendants deny the allegations contained therein as same are untrue.

38.    Defendants deny the allegations contained therein as same are untrue.

39.    Defendants deny the allegations contained therein as same are untrue.

40.    Defendants deny the allegations contained therein as same are untrue.

41.    Defendants deny the allegations contained therein as same are untrue.

42.    Defendants deny the allegations contained therein as same are untrue.

43.    Defendants deny the allegations contained therein as same are untrue.

44.    Defendants deny the allegations contained therein as same are untrue.

## COUNT I

### 42 U.S.C. § 1983-VIOLATION OF PLAINTIFF MINOR'S 4TH AMENDMENT RIGHTS DEFENDANT JOSHUA SMITH

45.    Defendants hereby incorporate by reference Paragraphs 1 through 44 of this Answer as though fully stated herein.

46.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegation and, accordingly, Defendants neither admit nor deny the allegation.

47.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegation and, accordingly, Defendants neither admit nor deny the allegation.

48.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegation and, accordingly, Defendants neither admit nor deny the allegation.

49.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegation and, accordingly, Defendants neither admit nor deny the allegation.

50.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegation and, accordingly, Defendants neither admit nor deny the allegation.

51.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegation and, accordingly, Defendants neither admit nor deny the allegation.

52.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegation, inclusive of subparagraphs (a) through (p) and, accordingly, Defendants neither admit nor deny the allegation.

53.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegation and, accordingly, Defendants neither admit nor deny the allegation.

WHEREFORE, Defendants request this Honorable Court enter a judgment of no cause for action and award costs and attorney fees so wrongfully sustained in defending this litigation.

## COUNT II

### 42 U.S.C. § 1983:  FAILURE TO INTERVENE TO PREVENT VIOLATION OF PLAINTIFFS' FOURTH AND FOURTEENTH AMENDMENT RIGHTS
### CHARLES PAYNE

54.     Defendants hereby incorporate by reference Paragraphs 1 through 53 of this Answer as though fully stated herein.

55.     Defendants admit those duties imposed under the laws of the State of Michigan and the Constitution of the United States and denies breaching the same.

56.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegation and, accordingly, Defendants neither admit nor deny the allegation.

57.     Defendants deny the allegations contained therein as same are untrue.

10

58.     Defendants deny the allegations contained therein as same are untrue.

59.     Defendants deny the allegations contained therein, inclusive of subparagraphs (a) through (p) as same are untrue.

60.     Defendants deny the allegation contained therein as same are untrue.

WHEREFORE, Defendants request this Honorable Court enter a judgment of no cause for action and award costs and attorney fees so wrongfully sustained in defending this litigation.

## COUNT III

### VIOLATION OF CIVIL RIGHTS PURSUANT TO THE 14TH AMENDMENT TO THE CONSTITUTION AND 42 U.S.C. §1983, 1988 STATE CREATED DANGER AS TO DEFENDANTS ALL DEFENDANTS

61.     Defendants hereby incorporate by reference Paragraphs 1 through 60 of this Answer as though fully stated herein.

62.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegation and, accordingly, Defendants neither admit nor deny the allegation.

63.   Defendants object to this allegation in that it calls for a legal conclusion.  Without waiving the objection, Defendants deny that they violated a 14th Amendment to the United States Constitution.

64.   Defendants admit that they are a governmental entity and various governmental employees engaged in the exercise or discharge of a governmental function.  Defendants deny any wrongdoing as it relates to the minor Plaintiff, and Defendants state that the claims are barred by governmental immunity and/or qualified immunity.

65.   Defendants deny the allegations contained therein as same are untrue.

66.   Defendants deny the allegations contained therein as same are untrue.

67.   Defendants deny the allegations contained therein as same are untrue.

68.   Defendants deny the allegations contained therein, inclusive of subparagraphs (a) through (k) as same are untrue.

69.   Defendants deny the allegations contained therein as same are untrue.

70.   Defendants deny the allegations contained therein, inclusive of subparagraphs (a) through (p) as same are untrue.

71.     Defendants deny the allegations contained therein as same are untrue.

WHEREFORE, Defendants request this Honorable Court enter a judgment of no cause for action and award costs and attorney fees so wrongfully sustained in defending this litigation.

## COUNT IV

### VIOLATION OF CIVIL RIGHTS PURSUANT TO THE 14TH AMENDMENT TO THE CONSTITUTION AND 42 U.S.C. §1983, 1988 – SUPERVISORY LIABILITY DEFENDANTS SUPERINTENDENT ZACHERY-ROSS, PRINCIPAL DAVIS, AND ASSISTANT PRINCIPAL HARRIS

72.     Defendants hereby incorporate by reference Paragraphs 1 through 71 of this Answer as though fully stated herein.

73.     AZR admits that she was the Superintendent of Ypsilanti Community Schools and, accordingly, she is entitled to absolute immunity as the highest elected or appointed official in the District.  By way of further answer, Defendants deny the content of the allegation found in paragraph 73.

74.     Defendant CD admits that he was the principal at Ypsilanti Community Schools and, at all times, was engaged in the exercise or discharge of a governmental function and, accordingly, the claims are barred by governmental immunity.   By way of further answer, Defendants deny the allegation in paragraph 74.

75.     Defendant JH admits that he was the principal at Ypsilanti Community Schools and, at all times, was engaged in the exercise or discharge of a governmental function and, accordingly, the claims are barred by governmental immunity.   By way of further answer, Defendants deny the allegation in paragraph 75.

76.     Defendants deny the allegations contained therein as same are untrue.

77.     Defendants deny the allegations contained therein as same are untrue.

78.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegation and, accordingly, Defendants neither admit nor deny the allegation.

79.     Defendants deny the allegations contained therein as same are untrue.

80.     Defendants deny the allegations contained therein as same are untrue.

81.     Defendants deny the allegations contained therein, inclusive of subparagraphs (a) through (k) as same are untrue.

82.     Defendants deny the allegations contained therein, inclusive of subparagraphs (a) through (p) as same are untrue.

83.     Defendants deny the allegations contained therein as same are untrue.

WHEREFORE, Defendants request this Honorable Court enter a judgment of no cause for action and award costs and attorney fees so wrongfully sustained in defending this litigation.

### COUNT V

### 42 U.S.C. § 1983 – *MONELL* LIABILITY
### DEFENDANT YPSILANTI COMMUNITY SCHOOL DISTRICT

84.     Defendants hereby incorporate by reference Paragraphs 1 through 83 of this Answer as though fully stated herein.

85.     Defendants deny the allegations contained therein as same are untrue.

86.     Defendants deny the allegations contained therein as same are untrue.

87.     Defendants deny the allegations contained therein as same are untrue.

88.     Defendants deny the allegations contained therein as same are untrue.

89.     Defendants deny the allegations contained therein as same are untrue.

90.     Defendants deny the allegations contained therein as same are untrue.

91.     Defendants deny the allegations contained therein as same are untrue.

92.     Defendants deny the allegations contained therein as same are untrue.

93.     Defendants deny the allegations contained therein as same are untrue.

94.     Defendants deny the allegations contained therein, inclusive of subparagraphs (a) through (p) as same are untrue.

WHEREFORE, Defendants request this Honorable Court enter a judgment of no cause for action and award costs and attorney fees so wrongfully sustained in defending this litigation.

## COUNT V

### GROSS NEGLIGENCE
### DEFENDANT ZACHERY-ROSS, DAVIS, HARRIS, SMITH AND PAYNE

95.     Defendants hereby incorporate by reference Paragraphs 1 through 94 of this Answer as though fully stated herein.

96.     Defendants admit to those duties imposed under the laws of the State of Michigan and the Constitution of the United States and deny breaching the same.

97.     Defendants admit to those duties imposed under the laws of the State of Michigan and the Constitution of the United States and deny breaching the same.

98.     Defendants admit to those duties imposed under the laws of the State of Michigan and the Constitution of the United States and deny breaching the same.

99.     Defendants admit to those duties imposed under the laws of the State of Michigan and the Constitution of the United States and deny breaching the same.

100.   Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegation and, accordingly, Defendants neither admit nor deny the allegation.

101.   Defendants admit to those duties imposed under the laws of the State of Michigan and the Constitution of the United States and deny breaching the same.

102.   Defendants deny the allegations contained therein as same are untrue.

103.  Defendants deny the allegations contained therein as same are untrue.

104.  Defendants deny the allegations contained therein as same are untrue.

105.  Defendants deny the allegations contained therein as same are untrue.

106.  Defendants deny the allegations contained therein as same are untrue.

107.  Defendants deny the allegations contained therein as same are untrue.

108.  Defendants deny the allegations contained therein as same are untrue.

109.  Defendants deny the allegations contained therein as same are untrue.

110.  Defendants deny the allegations contained therein as same are untrue.

111.  Defendants deny the allegations contained therein as same are untrue.

112.  Defendants deny the allegations contained therein as same are untrue.

113.   Defendants deny the allegations contained therein as same are untrue.

114.   Defendants deny the allegations contained therein, inclusive of subparagraphs (a) through (p) as same are untrue.

115.   Defendants deny the allegations contained therein as same are untrue.

116.   Defendants deny the allegations contained therein as same are untrue.

117.   Defendants deny the allegations contained therein as same are untrue.

118.   Defendants deny the allegations contained therein as same are untrue.

119.   Defendants deny the allegations contained therein as same are untrue.

WHEREFORE, Defendants request this Honorable Court enter a judgment of no cause for action and award costs and attorney fees so wrongfully sustained in defending this litigation.

## COUNT VII

## ASSAULT AND BATTERY, DEFENDANT SMITH

120.   Defendants hereby incorporate by reference Paragraphs 1 through 119 of this Answer as though fully stated herein.

121.   Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegation and, accordingly, Defendants neither admit nor deny the allegation.

122.   Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegation and, accordingly, Defendants neither admit nor deny the allegation.

123.   Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegation and, accordingly, Defendants neither admit nor deny the allegation.

124.   Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegation, inclusive of subparagraphs (a) through (p) and, accordingly, Defendants neither admit nor deny the allegation.

WHEREFORE, Defendants request this Honorable Court enter a judgment of no cause for action and award costs and attorney fees so wrongfully sustained in defending this litigation.

## COUNT VIII

## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS/ NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS TO PLAINTIFF'S MINOR MN BY ALL DEFENDANTS

125.   Defendants hereby incorporate by reference Paragraphs 1 through 124 of this Answer as though fully stated herein.

126.   Defendants deny the allegations contained therein as same are untrue.

127.   Defendants deny the allegations contained therein as same are untrue.

128.   Defendants deny the allegations contained therein as same are untrue.

129.   Defendants deny the allegations contained therein as same are untrue.

130.   Defendants deny the allegations contained therein, inclusive of subparagraphs (a) through (p) as same are untrue.

WHEREFORE, Defendants request this Honorable Court enter a judgment of no cause for action and award costs and attorney fees so wrongfully sustained in defending this litigation.

## COUNT I

## VIOLATION OF CHILD PROTECTION LAW,
## MCL§ 722.621, *ET SEQ.*
## ALL DEFENDANTS

131.   Defendants hereby incorporate by reference Paragraphs 1 through 130 of this Answer as though fully stated herein.

132.   Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegation and, accordingly, Defendants neither admit nor deny the allegation.

133.   Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegation and, accordingly, Defendants neither admit nor deny the allegation.

134.   Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegation and, accordingly, Defendants neither admit nor deny the allegation.

135.   Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegation and, accordingly, Defendants neither admit nor deny the allegation.

136.   Defendants deny the allegations contained therein as same are untrue.  By way of further answer, the statutory requirement does not limit the reporting to only Child Protection Services.

137.   Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegation and, accordingly, Defendants neither admit nor deny the allegation.

138.   Defendants deny the allegations contained therein as same are untrue.

139.   Defendants deny the allegations contained therein as same are untrue.

140.   Defendants deny the allegations contained therein as same are untrue.

141.   Defendants deny the allegations contained therein as same are untrue.

142.   Defendants deny the allegations contained therein as same are untrue.

143.   Defendants deny the allegations contained therein as same are untrue.

144.   Defendants deny the allegations contained therein as same are untrue.

145.   Defendants deny the allegations contained therein as same are untrue.

146.   Defendants deny the allegations contained therein as same are untrue.

147.   Defendants deny the allegations contained therein as same are untrue.

148.   Defendants deny the allegations contained therein as same are untrue.

149.   Defendants deny the allegations contained therein as same are untrue.

150.   Defendants deny the allegations contained therein, inclusive of subparagraphs (a) through (p) as same are untrue.

WHEREFORE, Defendants request this Honorable Court enter a judgment of no cause for action and award costs and attorney fees so wrongfully sustained in defending this litigation.

**PLUNKETT COONEY**

DATE:  July 23, 2024                BY:   */s/Michael D. Weaver*
                                                MICHAEL D. WEAVER  (P43985)
                                                Attorney for Defendants
                                                38505 Woodward Avenue
                                                Suite 100
                                                Bloomfield Hills, MI  48304
                                                (248) 901-4025
                                                mweaver@plunkettcooney.com

## **AFFIRMATIVE DEFENSES**

NOW COME Defendants, YPSILANTI COMMUNITY SCHOOLS (YCS), ALENA ZACHERY-ROSS (AZR), CHARLES DAVIS, JR., (CD), JEANINA HARRIS (JH), CHARLES PAYNE (CP), and JOSH SMITH (SM), by and through their attorneys, Plunkett Cooney, and submit the following Affirmative Defenses which may be relied upon at the time of trial of this matter.

1.      Plaintiff's claims are barred by the 11th Amendment to the United States Constitution.

2.      Plaintiff's claims are barred by governmental immunity.

3.      Plaintiff's claims are barred by qualified immunity.

4.      Plaintiff's Complaint fails to state a claim upon which relief can be granted.

5.      The Plaintiffs have failed to mitigate their damages.

6.      Plaintiff's damages, if any, were caused by the acts or omissions of third parties either identified or not yet identified in this litigation.

7.      Plaintiff's Complaint sounds in general negligence as opposed to gross negligence.

8.      The individual Defendants did not engage in gross negligence or activity consistent with the legal definition of "gross negligence."

9.     The individual Defendants were not "the" proximate cause of any injuries sustained by the Plaintiff(s).

10.     Defendants did not engage in conduct that is deemed not permissible in a civilized society.

11.     Plaintiff's damages, if any, are the result of Plaintiff's own acts and omissions.

12.     Defendants did not have any policy that, if engaged, would violate the constitutional rights of the Plaintiff.

13.     Defendants reserve the right to amend these Affirmative Defenses up and until the time of Trial.

**PLUNKETT COONEY**

DATE:  July 23, 2024          BY:     */s/Michael D. Weaver*
                                               MICHAEL D. WEAVER  (P43985)
                                               Attorney for Defendants
                                               38505 Woodward Avenue
                                               Suite 100
                                               Bloomfield Hills, MI  48304
                                               (248) 901-4025
                                               mweaver@plunkettcooney.com

## RELIANCE ON JURY DEMAND

NOW COME Defendants, YPSILANTI COMMUNITY SCHOOLS (YCS), ALENA ZACHERY-ROSS (AZR), CHARLES DAVIS, JR., (CD), JEANINA HARRIS

(JH), CHARLES PAYNE (CP), and JOSH SMITH (SM), by and through their attorneys, Plunkett Cooney, and hereby rely on the Jury Demand as previously filed.

**PLUNKETT COONEY**

DATE:  July 23, 2024          BY:     */s/Michael D. Weaver*
                                                MICHAEL D. WEAVER  (P43985)
                                                Attorney for Defendants
                                                38505 Woodward Avenue
                                                Suite 100
                                                Bloomfield Hills, MI  48304
                                                (248) 901-4025
                                                mweaver@plunkettcooney.com

**<u>PROOF OF SERVICE</u>**

I hereby certify that on July 23, 2024, a copy of Defendants' Answer to Complaint, Affirmative Defenses and Reliance Upon Jury Demand was electronically filed and the attorney(ies) of record received notice via the court's ECF system.

PLUNKETT COONEY

**<u>/s/Michael D. Weaver</u>**
MICHAEL D. WEAVER (P43985)
Attorney for Defendants
mweaver@plunkettcooney.com

Open.P0151.P0151.33912950-1