# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

YOLANDA ELLIS, next friend of
Minor MN,

    Plaintiff,

v.

YPSILANTI COMMUNITY SCHOOLS,
JOSH SMITH, ALENA ZACHERY-ROSS,
CHARLES DAVIS, JR., JEANINA HARRIS,
and CHARLES PAYNE, in their individual
capacity,

    Defendants.

Case No. 4:24-cv-11591

Hon. Shalina D. Kumar
Mag. Judge David R. Grand

| | |
|---|---|
| KARA WEISMAN (P80837)<br>Vahdat Weisman Law<br>Attorney for Plaintiff<br>17197 N. Laurel Park Dr., Ste. 500<br>Livonia, MI 48152<br>(734) 469-4994<br>kara@thevwlaw.com | MICHAEL D. WEAVER (P43985)<br>ERIK BRADBERRY (P86793)<br>Plunkett Cooney<br>Attorney for Defendants Ypsilanti Community Schools, Alena Zachery-Ross, Charles Davis, Jr., Jeanina Harris, and Charles Payne<br>38505 Woodward Ave., Ste. 100<br>Bloomfield Hills, MI  48304<br>(248) 901-4025<br>mweaver@plunkettcooney.com<br>ebradberry@plunkettcooney.com<br><br>JOHN J. GILLOOLY (P41948)<br>Garan Lucow Miller, P.C.<br>Attorney for Defendant Josh Smith<br>1155 Brewery Park Blvd., Suite 200<br>Detroit, MI 48207-2641<br>(313)446-5501<br>jgillooly@garanlucow.com |

**STIPULATED PROTECTIVE ORDER**

This matter having come before this Honorable Court upon stipulation of the parties, through their respective counsel, and the Court being otherwise fully advised in the premises;

**IT IS HEREBY ORDERED** that:

1. Each of the parties to this action upon whom or which a discovery request, including a subpoena duces tecum, has been or shall be served by any party to this action may designate as "confidential" any documents produced, when such materials refer or relate to, or would otherwise disclose, information of a personal, proprietary or confidential business nature as defined below.

    (a) "Confidential" is defined as any type or classification of information, whether originals, copies, or in redacted form, or whether in oral deposition testimony (transcript or videotape), interrogatory responses or responses to request for admissions, consisting of business or financial records, Plaintiff's medical or psychiatric records, and any other personal documents or information of the parties or their employees including departmental policies, procedures, rules and regulations, personnel files, including training records, photos, videos and personnel information as well as any other writing as defined by the Federal Rules of Evidence, reflecting confidential, commercial or personal information that counsel for any of the partied has in good faith

designated as confidential. This paragraph does not prohibit the parties from claiming a privilege and does not waive any party's right to assert privilege and to not produce such document.

      2.     Material designated "confidential" shall be used by the party receiving the material solely in the prosecution or defense of this action.

      3.     Material designated as "confidential" shall be held in confidence by the party requesting the documents and his/her/its representatives; counsel for that party and professional, clerical, secretarial or other support personnel of such counsel; a person not an attorney retained by that party or counsel to assist in litigation such as accountants and experts, court reporters retained in connection with depositions in this litigation; and witnesses at deposition (collectively, the "receiving party"); none of whom shall permit disclosure of the documents, except for purposes necessary to this litigation. The receiving party shall neither grant nor permit any other person to have access to any material designated as "confidential," or inform any other person of the existence of such material or of any of the contents thereof without submitting this order to the receiving person.

      4.     The inadvertent disclosure or production by any party of any document protected by the attorney-client or other privilege by the attorney

word product doctrine shall not constitute, be construed as, or have the effect of a waiver of such privilege or protection.

5. "Confidential" material marked as an exhibit in a deposition or other discovery documents remains confidential and may not be disclosed by the receiving party except in accordance with this order.

6. The parties agree that any documents that have been designated as confidential that are used during a deposition will be treated in accordance with the stipulated protective order. By entering into this protective order, Defendants do not waive the right to file a motion for a protective order to have any portions of a deposition transcript marked as "confidential" but must do so within 21 days of the date the deposition was taken.

7. The provisions set forth in paragraph 3 above apply for a party's designation or assertion of the deliberative process privilege. To the extent such a designation and/or privilege is asserted, the party asserting the designation/privilege shall provide the basis for its assertion. To the extent the party asserts that the privilege precludes the production of documents and/or material, the asserting party shall produce a privilege log to all parties. Any disciplinary records contained in these files will be redacted to remove privileged information, such as conclusions of investigators or disciplinary actions, pursuant to the executive/deliberative process privilege. Defendants

will produce a privilege log for redacted information. Nothing in this order prevents Plaintiff from challenging an assertion of executive/deliberative privilege, if necessary.

    8.    Correction of Designation and Clawback.

    (a)    A producing party that failed to designate documents as "Confidential Material" at the time of its production shall be entitled to make a correction to its designation. Such correction and notice thereof shall be made in writing, accompanied by substitute copies of each items of materials, appropriately designated. Upon receipt of a notice of correction, the receiving party shall place the appropriate marking on the document to reflect its altered confidentiality status and certify that the original and all copies of the document have been appropriately marked. The obligation to treat such material pursuant to the corrected designation shall be prospective only, and those individuals who receive the mis-designated discovery material prior to notice of the mis-designation by the producing party shall abide by the provisions of this Order with respect to all future use and disclosure of any information contained in the mis-designated materials.

    (b)    A producing party that inadvertently produces any document or other information during discovery in this litigation that the producing party has a good faith reason to believe is privileged under the

attorney-client or other privilege, or protected from discovery as work product, may, upon discovery of such inadvertent production, request the return of such document or information. In the event the receiving party objects to the return of the document, the receiving party shall move the Court for an order as to whether the production was inadvertent or whether the document or information is otherwise privileged or protected from discovery. All materials related to the inadvertently produced document or information, and motion, shall be treated as "Confidential Material" pursuant to this Order, unless otherwise ordered by the court. If such a motion is made within thirty (30) days of receiving the notice from the producing party of its claim of inadvertent production, the receiving party may retain the produced document or information until the Court resolves the motion. If no such motion is made within thirty (30) days, the document or information and all copies shall be returned to the producing party and the receiving party will not be entitled to retain the document or information in any way. Failure to move within thirty (30) days and/or return the produced document or information shall not be deemed a waiver of such objection nor preclude subsequent motion by the receiving party. If the receiving party disclosed the document or information before being notified, it must notify the producing party as to the manner in

which the material was disclosed and to whom, and certify in writing that it has requested the return of the document or information.

      (c)    If "Confidential Material" is disclosed by a receiving party to anyone other than in a manner authorized by this Order, the receiving party responsible for that disclosure must immediately bring all pertinent facts related to that disclosure to the attention of the producing party of the "Confidential Material" and make every reasonable effort to retrieve it and to prevent further disclosure.

    9.    Materials designated as "confidential" may be used in any proceeding in this action, including, but not limited to:

      (a)    Discovery depositions;

      (b)    Motions, briefs and pleadings;

      (c)    Argument before the court;

      (d)    Trial or appeal.

If any party wishes to use "Confidential Material" in connection with any brief, argument or filing in this action, the "Confidential Material" shall be submitted and filed under seal and shall be maintained by the Court under seal. Such "Confidential Material" so filed shall not be made available to anyone other than the court, its clerks and the parties/attorneys.

10. If a party believes that information designated by another party as "confidential" should not be treated as confidential pursuant to this Protective Order, that party may contest the designation for such document(s) by providing opposing counsel with written notice as to the specific information being challenged, together with identification of the document by bate stamp. In the event that parties cannot resolve this disagreement, the party who designated the document as "confidential" may file a motion seeking a resolution of the challenges within fourteen (14) days of notice or waive same designation. Unless the designating party has waived the designation by failing to timely file a motion, the parties shall treat the information as subject to this Order until the matter is resolved by the Court or otherwise. It shall be the burden of the party designating the information, testimony or documents as confidential to demonstrate why the confidential designation should be upheld in the event of a challenge.

11. At the conclusion of this action, including the exhaustion of all appeals, a party receiving materials designated as "confidential" shall destroy or return information and/or documents, except for information that can be obtained through the Freedom of Information Act, including but not limited to information containing compensation, benefits, disciplinary action, citizen complaints, internal investigations, policies and procedures, pursuant to the

producing party's instruction and at the producing party's expense. If the receiving party chooses to destroy the materials, rather than returning them, the receiving party shall confirm in writing to the producing party that the documents were destroyed.

12. This Order may be modified upon written stipulation of the parties or by the Court, upon motion of any party, for good cause shown.

**IT IS SO ORDERED.**

                                                              s/David R. Grand
                                                              HON. DAVID R. GRAND
Dated:  2/4/25                                        United States Magistrate Judge

Approved as to form and substance by:

*/s/ Kara Weisman (w/permission)*
KARA WEISMAN (P80837)
Vahdat Weisman Law
Attorney for Plaintiff

*/s/ Erik Bradberry*
ERIK BRADBERRY (P86793)
Plunkett Cooney
Attorney for Defendants Ypsilanti Community Schools, Alena Zachery-Ross, Charles Davis, Jr., Jeanina Harris, and Charles Payne

*/s/ John Gillooly (w/permission)*
JOHN GILLOOLY (P41948)
Garan Lucow Miller
Attorney for Defendant Josh Smith

Dated:  January 29, 2025
Open.27901.42405.35475986-1