# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

YOLANDA ELLIS, next friend of
Minor MN,

    Plaintiff,

v.

YPSILANTI COMMUNITY SCHOOLS,
JOSH SMITH, ALENA ZACHERY-ROSS,
CHARLES DAVIS, JR., JEANINA HARRIS,
and CHARLES PAYNE, in their individual
capacity,

    Defendants.

Case No. 4:24-cv-11591

Hon. Shalina D. Kumar
Mag. Judge David R. Grand

| | |
|---|---|
| KARA WEISMAN (P80837)<br>Vahdat Weisman Law<br>Attorney for Plaintiff<br>17197 N. Laurel Park Dr., Ste. 500<br>Livonia, MI 48152<br>(734) 469-4994<br>kara@thevwlaw.com | MICHAEL D. WEAVER (P43985)<br>ERIK BRADBERRY (P86793)<br>Plunkett Cooney<br>Attorney for Defendants Ypsilanti Community Schools, Alena Zachery-Ross, Charles Davis, Jr., Jeanina Harris, and Charles Payne<br>38505 Woodward Ave., Ste. 100<br>Bloomfield Hills, MI  48304<br>(248) 901-4025<br>mweaver@plunkettcooney.com<br>ebradberry@plunkettcooney.com<br><br>JOHN J. GILLOOLY (P41948)<br>Garan Lucow Miller, P.C.<br>Attorney for Defendant Josh Smith<br>1155 Brewery Park Blvd., Suite 200<br>Detroit, MI 48207-2641<br>(313)446-5501<br>jgillooly@garanlucow.com |

**DEFENDANTS YPSILANTI COMMUNITY SCHOOLS, ALENA ZACHERY-ROSS, CHARLES DAVIS, JR., JEANINA HARRIS, AND CHARLES PAYNE'S RESPONSE TO CO-DEFENDANT JOSH SMITH'S MOTION TO STAY PROCEEDINGS**

60324661.1

NOW COME Defendants Ypsilanti Community Schools, Alena Zachery-Ross, Charles Davis, Jr., Jeanina Harris, and Charles Payne (the "YCS Defendants"), by and through their attorneys, PLUNKETT COONEY, concur in the relief sought by Co-Defendant Josh Smith's Motion to Stay Proceedings, ECF No. 24, PageID.221-24 (the "Motion"), for the reasons set forth in the accompanying brief.

                                            Respectfully submitted,

                                            PLUNKETT COONEY

                                            */s/ Erik G. Bradberry*
                                            MICHAEL D. WEAVER (P43985)
                                            ERIK BRADBERRY (P86793)
                                            Attorney for Defendants Ypsilanti Community Schools, Alena Zachery-Ross, Charles Davis, Jr., Jeanina Harris, and Charles Payne
                                            38505 Woodward Ave., Ste. 100
                                            Bloomfield Hills, MI  48304
                                            (248) 901-4025
                                            mweaver@plunkettcooney.com
DATED: March 5, 2025          ebradberry@plunkettcooney.com

# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

YOLANDA ELLIS, next friend of
Minor MN,

      Plaintiff,

v.

YPSILANTI COMMUNITY SCHOOLS,
JOSH SMITH, ALENA ZACHERY-ROSS,
CHARLES DAVIS, JR., JEANINA HARRIS,
and CHARLES PAYNE, in their individual
capacity,

      Defendants.

Case No. 4:24-cv-11591

Hon. Shalina D. Kumar
Mag. Judge David R. Grand

| | |
|---|---|
| KARA WEISMAN (P80837)<br>Vahdat Weisman Law<br>Attorney for Plaintiff<br>17197 N. Laurel Park Dr., Ste. 500<br>Livonia, MI 48152<br>(734) 469-4994<br>kara@thevwlaw.com | MICHAEL D. WEAVER (P43985)<br>ERIK BRADBERRY (P86793)<br>Plunkett Cooney<br>Attorney for Defendants Ypsilanti<br>Community Schools, Zachery-Ross,<br>Davis, Harris, and Payne<br>38505 Woodward Ave., Ste. 100<br>Bloomfield Hills, MI  48304<br>(248) 901-4025<br>mweaver@plunkettcooney.com<br>ebradberry@plunkettcooney.com<br><br>JOHN J. GILLOOLY (P41948)<br>Garan Lucow Miller, P.C.<br>Attorney for Defendant Josh Smith<br>1155 Brewery Park Blvd., Suite 200<br>Detroit, MI 48207-2641<br>(313)446-5501<br>jgillooly@garanlucow.com |

## DEFENDANTS YPSILANTI COMMUNITY SCHOOLS, ALENA ZACHERY-ROSS, CHARLES DAVIS, JR., JEANINA HARRIS, AND CHARLES PAYNE'S BRIEF IN RESPONSE TO CO-DEFENDANT JOSH SMITH'S MOTION TO STAY PROCEEDINGS

60324661.1

I. **Introduction**

In seeking to stay these proceedings while the criminal matter he is defending in state court continues to unfold, Co-Defendant Josh Smith ("Smith") reasonably relies on his constitutional right against self-incrimination. The YCS Defendants concur in the relief Smith seeks, not because they take a stance regarding Smith's rights under the United States or Michigan constitutions, but because the factors courts weigh in assessing whether to grant a stay of civil proceedings in the face of actual or impending criminal charges favor doing so in this case.

II. **Standard of Decision**

Courts have "broad discretion in determining whether to stay a civil action while a criminal action is pending or impending." *FTC v. E.M.A. Nationwide, Inc.*, 767 F.3d 611, 627 (6th Cir. 2014). In determining whether a stay is appropriate, courts consider and balance the following factors:

> (1)the extent to which the issues in the criminal case overlap with those presented in the civil case; (2) the status of the case, including whether the defendants have been indicted; (3) the private interests of the plaintiffs in proceeding expeditiously weighed against the prejudice to plaintiffs caused by the delay; (4) the private interests of and burden on the defendants; (5) the Court's interests; and (6) the public interest.

*Id.* In addition to these factors, courts "should consider 'the extent to which the defendant's fifth amendment rights are implicated.'" *Id.* (quoting *Keating v. Office of Thrift Supervision*, 45 F.3d 322, 324 (9th Cir. 1995)).

### III. Analysis

The balance of factors in this case favors granting Smith's request to stay proceedings.

First, the issues in Smith's criminal case overlap substantially with the issues presented here. As noted in Smith's Motion, he is charged with one count of felony assault and one count of misdemeanor assault, which both stem from the same alleged June 4, 2024 interaction between Smith and Plaintiff's minor ("MM") that forms the basis of this case.

Second, not only has Smith been charged criminally, but the case against him is quickly approaching its late stages, with a Final Pre-Trial Conference scheduled for April 8, 2025, and a jury trial following on May 12, 2025. ECF No. 24, PageID.223, ¶ 4. This case, by contrast, is still within the initial window the Court set for discovery, which is scheduled for completion by May 9, 2025. ECF No. 12, PageID177. Although a stay will obviously cause some delay, the YCS Defendants anticipate that the parties will be able to resume discovery when the stay is lifted by simply picking up where they left off.

Third, given the advanced stage that Smith's criminal case is entering, a delay caused by the stay would be relatively brief, thus mitigating any harm Plaintiff might claim would result. Meanwhile, having to decide between actively defending himself in this action and invoking his constitutional rights insofar as the criminal case is concerned would inflict self-evident harm on Smith. And if Smith were to invoke his right against self-incrimination in these proceedings, there is an attendant risk that any adverse inferences drawn against him could be imputed to the YCS Defendants in the eyes of jurors because Smith was a Ypsilanti Community Schools employee when the incident at the heart of Plaintiff's claims allegedly occurred. *In re Flint Water Cases*, 53 F.4th 176, 208 (6th Cir. 2022) ("The Fifth Amendment does not forbid adverse inferences against parties to civil actions when they refuse to testify in response to probative evidence offered against them.").

Fourth, in addition to burdening the YCS Defendants with any adverse inferences created by Smith's decision to invoke his constitutional rights, forging ahead in this case while the criminal matter is pending would limit the YCS Defendants' ability to engage in the full scope of discovery contemplated by Fed. R. Civ. P. 26(b)(1). Based on the information presently available, it seems there are just two individuals with personal knowledge of the entire set of events that allegedly unfolded between Smith and MM on June 4, 2024—i.e.,

3

Smith and MM. It follows that the YCS Defendants may wish to question Smith about those events, including about how his alleged actions compare with the training he received and the policies YCS maintained. This is particularly so because although Smith was employed by YCS on June 4, 2024, he resigned just a day or so later, which meant he was no longer available for questioning. And even if he had been, YCS could not have required Smith to "waive his privilege against self-incrimination as a condition to keeping his job." *Lingler v. Fechko*, 312 F.3d 237, 239 (6th Cir. 2002) (citing *Garrity v. New Jersey*, 385 U.S. 493, 87 S.Ct. 616, 17 L.Ed2d 562 (1967)). And for as long as Smith invokes his constitutional right against self-incrimination, the YCS Defendants are effectively prohibited from obtaining information from him that is relevant to their defenses.

Finally, although neither the Court's nor the public's interest weigh heavily on one side or the other, it is worth remembering the Court's "inherent power to control the disposition of those cases on its docket in an efficient and timely manner[,] which includes the authority to stay proceedings." *Warrior Lacrosse, Inc.*, Case Nos. 04-70363 and 04-71842, 2007 WL 327522, at *1 (Nov. 6, 2007) (citing *Landis v. North American Co.*, 299 U.S. 248, 254; 57 S. Ct. 163; 81 L. Ed. 153 (1936)). Here, the most efficient path forward is to grant Smith's

Motion so the parties may engage in the full range of permissible discovery upon resolution of Smith's pending criminal charges.

## IV. Conclusion

WHEREFORE, the YCS Defendants respectfully concur in Co-Defendant Josh Smith's Motion to Stay Proceedings.

Respectfully submitted,

PLUNKETT COONEY

*/s/ Erik G. Bradberry*
MICHAEL D. WEAVER (P43985)
ERIK BRADBERRY (P86793)
Attorney for Defendants Ypsilanti Community Schools, Alena Zachery-Ross, Charles Davis, Jr., Jeanina Harris, and Charles Payne
38505 Woodward Ave., Ste. 100
Bloomfield Hills, MI  48304
(248) 901-4025
mweaver@plunkettcooney.com
ebradberry@plunkettcooney.com

DATED: March 5, 2025

5

60324661.1

## PROOF OF SERVICE

I hereby certify that on March 5, 2025, a copy of the foregoing document was electronically filed and the attorney(ies) of record received notice via the court's ECF system.

    PLUNKETT COONEY

    */s/ Erik Bradberry*
    ERIK BRADBERRY (P86793)

Open.27901.42405.35475986-1

6

60324661.1